■ NORMAN ELSKY et al., Appellants, v KM INSURANCE BROKERS et al., Respondents.—In an action, *inter alia,* to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated July 10, 1986, as dismissed their first cause of action for fraud, struck their claim for punitive damages, and, in effect, denied their application for leave to amend the complaint to interpose a claim of negligent representation.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs' first cause of action alleging fraud failed to state in detail the circumstances constituting the wrong *(see,* CPLR 3016 [b]). The complaint is devoid of any facts to support the plaintiffs' allegation that the defendants knowingly misrepresented or omitted any material facts to induce them to purchase the insurance policy from them *(see, East End Owners Corp. v Roc-East End Assocs.,* 128 AD2d 366). Moreover, the plaintiffs based their cause of action on the contract entered into with the defendants. It is well settled that a cause of action seeking damages for fraud cannot be sustained when the only fraud charged relates to a breach of contract *(see, Edwil Indus. v Stroba Instruments Corp.,* 131 AD2d 425).

The plaintiffs contend that their complaint is sufficient since on a motion to dismiss, the allegations in a complaint are presumed to be true. While it is axiomatic that a court must assume the truth of the complaint's allegations, such an assumption must fail where there are conclusory allegations lacking factual support *(see, Matter of Mazur v Ryan,* 98 AD2d 974, *appeal dismissed* 61 NY2d 832).

The plaintiffs next argue that it was error for the court to dismiss their claim for punitive damages. However, since the plaintiffs' cause of action for punitive damages was dependent upon the viability of their cause of action to recover damages for fraud, once the fraud claim was dismissed the claim for punitive damages also had to be dismissed.

We find no merit to the plaintiffs' remaining contention. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.