■ 125 ASSOCIATES et al., Appellants, v CRALIN TRADING ASSOCIATES, L.P., et al., Defendants, and PAUL, WEISS, RIFKIND, WHARTON & GARRISON, Respondent. [601 NYS2d 196] —In an action, *inter alia,* to recover damages for fraud, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered March 8, 1991, which, upon an order of the same court, dated February 14, 1991, granting the motion of the defendant Paul, Weiss, Rifkind, Wharton & Garrison to dismiss the amended complaint insofar as asserted against it and denying the plaintiffs' cross motion for leave to serve a second amended complaint, dismissed the amended complaint insofar as asserted against Paul, Weiss, Rifkind, Wharton & Garrison.

Ordered that the judgment is affirmed, with costs.

The plaintiffs, two investment partnerships and one individual, invested in the defendant limited partnerships in anticipation of tax write-offs amounting to four times their investment. Upon the disallowance by the Internal Revenue Service of the anticipated write-offs, the plaintiffs commenced this action against the limited partnerships and their tax counsel, the law firm of Paul, Weiss, Rifkind, Wharton & Garrison (hereinafter Paul, Weiss), alleging, among other things, various theories of fraud. Paul, Weiss moved to dismiss the complaint for failure to particularize the fraud claims and the plaintiffs cross-moved for leave to serve a second amended complaint to add allegations of fraud by Paul, Weiss. The Supreme Court granted the motion of Paul, Weiss and denied the plaintiffs' cross motion. We affirm.

As to Paul, Weiss, the complaint alleged, in essence, that the firm directed the formation of the partnerships and the investment scheme and prepared and issued certain tax opinions with the knowledge that the limited partnerships lacked both the financial ability and intent to complete the transactions necessary to yield the anticipated tax benefits. The complaint offered no further substantial allegations to support the fraud claims but merely relied upon inferences based upon the provision by Paul, Weiss of legal services to the plaintiffs. Furthermore, in opposition to the motion by Paul, Weiss to dismiss, the plaintiffs alleged only that "it is not unreasonable to believe that Paul, Weiss knew at the time it wrote its tax opinion that the [partnership] was not acting in the fashion described in the 1983 P[ublic] O[ffering] M[emorandum]".

We agree with the Supreme Court's conclusion that the plaintiffs' claims against Paul, Weiss, all sounding in fraud,

are fatally deficient since they fail to allege facts with sufficient specificity to permit an inference of fraudulent intent *(see,* CPLR 3016 [b]; *National Westminster Bank v Weksel,* 124 AD2d 144; *see also, Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, *amended* 66 NY2d 812). "Where liability for fraud is to be extended beyond the principal actors, to those who, although not participants in the fraudulent scheme, are said to have aided in and encouraged its commission, it is especially important that the command of CPLR 3016 (b) be strictly adhered to" *(National Westminster Bank v Weksel, supra,* at 149).

Nor did the Supreme Court improvidently exercise its discretion in denying the plaintiffs' cross motion for leave to serve a second amended complaint since the record indicates that the plaintiffs have no viable cause of action against Paul, Weiss *(see,* CPLR 3211 [e]; *Hornstein v Wolf,* 67 NY2d 721; *Marcucilli v Alicon Corp.,* 48 AD2d 703). Bracken, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.