■ Louis Sforza, Respondent-Appellant, v Health Insurance Plan of Greater New York, Inc., et al., Appellants-Respondents. [619 NYS2d 734] —In an action to recover damages for breach of an oral contract, breach of a written contract, quantum meruit, and fraud, the defendants appeal from so much of an order of the Supreme Court, Richmond County (Amann, J.), dated May 24, 1993, as denied those branches of their motion which were to dismiss the complaint, and the plaintiff cross-appeals from so much of the same order as struck his demand for punitive damages.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendants' motion which was to dismiss the plaintiff's fourth cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff alleges that when the defendants agreed orally to hire him as a consultant, promising to pay him a substantial salary and to confer certain benefits, they did not intend to carry out their promise, and thus are guilty of fraud. However, "[i]t is well settled that where, as here, a claim to recover damages for fraud is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie," and the plaintiff is consigned to his breach of contract claim (see, McKernin v Fanny Farmer Candy Shops, 176 AD2d 233, 234; see also, Manshul Constr. Corp. v City of New York, 143 AD2d 333; Spellman v Columbia Manicure Mfg. Co., 111 AD2d 320). Here, there are no alleged

misrepresentations of facts collateral to the purported contract of employment sufficient to sustain a claim of fraud, so that the plaintiff's fourth cause of action must be dismissed. We note, in any event, that the plaintiff's allegation of fraud is merely conclusory, and does not satisfy the requirement in CPLR 3016 (b) that the pleading specify the details constituting the wrong *(see, e.g., Eastman Kodak Co. v Roopak Enters.,* 202 AD2d 220; *125 Assocs. v Cralin Trading Assocs.,* 196 AD2d 630; *Elsky v KM Ins. Brokers,* 139 AD2d 691; *Meltzer v Klein,* 29 AD2d 548).

The Supreme Court properly dismissed the plaintiff's claim for punitive damages, since the complaint alleged only "a private wrong, involving causes of action for breach of contract and ordinary fraud" *(Mom's Bagels v Sig Greenebaum Inc.,* 164 AD2d 820, 822-823), and since the defendants' conduct was not shown to be so "willful and wanton", outrageously immoral, or criminal that punitive damages were warranted *(see, e.g., Giblin v Murphy,* 73 NY2d 769; *Aero Garage Corp. v Hirschfeld,* 185 AD2d 775; *Rinaldo v Mashayekhi,* 185 AD2d 435).

Because the oral contract at bar was terminable at will and could have been performed within a year, the plaintiff's first cause of action does not violate the Statute of Frauds *(see,* General Obligations Law § 5-701; Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 23A, General Obligations Law § 5-701, at 295; *Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 265; *Lucy-Turner v Builders Bonds,* 160 AD2d 484; *Silberstein v Production Fashions,* 137 AD2d 805).

The plaintiff has also stated a valid cause of action sounding in quantum meruit, because where, as here, there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue, a plaintiff may proceed upon a theory of quantum meruit as well as contract, and will not be required to elect his or her remedies *(see, Joseph Sternberg, Inc. v Walber 36th St. Assocs.,* 187 AD2d 225, 228).

Finally, we conclude that the designation of the plaintiff as "Louis Sforza, Inc." in the written agreement drafted by the defendant Health Insurance Plan of Greater New York, Inc., was a clerical error, which does not interfere with the plaintiff's standing to bring the instant action to recover damages for breach of the parties' written contract. The defendants do not deny that they at all times dealt with the plaintiff as an individual, and that they were aware that no such entity as

"Louis Sforza, Inc." ever existed. Thompson, J. P., Lawrence, O'Brien and Krausman, JJ., concur.