■ ROBERT F. JACOBS et al., Appellants, v ELAINE LEWIS, Respondent, et al., Defendants. [689 NYS2d 468] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about April 8, 1998, which granted the motion of defendant Elaine Lewis to dismiss the complaint as against her pursuant to CPLR 3211 (a) (7) and 3212, unanimously affirmed, with costs.

The motion court properly found, plaintiffs' conclusory assertions to the contrary notwithstanding (*see, Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 342), that defendant Lewis was not a party to and, accordingly, was not bound by the subject contract. The court also correctly concluded that the complaint failed to state a cause of action for fraud. Lewis's alleged misrepresentations amounted to no more than opinions

and puffery or ultimately unfulfilled promises, and in either case were not actionable as fraud (*see, DH Cattle Holdings Co. v Smith*, 195 AD2d 202, 208; *see also, Brown v Lockwood*, 76 AD2d 721). Further, as plaintiffs admitted to personally conducting an investigation of the work of Zahran Interiors, the contractor they ultimately retained, they can make no sustainable claim that they relied to their detriment upon Lewis's representations as to her own expertise or the expertise of Zahran (*see, 200 E. End Ave. Corp. v General Elec. Co.*, 5 AD2d 415, *affd* 6 NY2d 731).

We have reviewed plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J. P., Wallach, Lerner and Rubin, JJ.