OPINION OF THE COURT
 

 Rosenblatt, J.
 

 New York City’s Consumer Protection Law prohibits “any deceptive or unconscionable trade practice in the sale, lease,
 
 *51
 
 rental or loan * * * of any consumer goods or services” (Consumer Protection Law [Administrative Code of City of NY] § 20-700). Defendants, Better Homes Depot and its president, Eric Fessler, are in the business of purchasing, repairing and then reselling homes in New York City. In its enforcement capacity, the City’s Department of Consumer Affairs (DCA) sued defendants seeking fines and an injunction against defendants’ allegedly deceptive practices in connection with their business.
 

 This case involves two issues. First, defendants claim that their activities do not involve “consumer goods or services” within the DCA’s jurisdiction. Second, defendant Fessler claims that he cannot be subjected to personal liability because none of the allegedly fraudulent acts were committed for his individual benefit. We disagree with defendants as to both contentions, and therefore reverse the order of the Appellate Division which dismissed the complaint.
 

 I.
 

 Using newspaper advertisements and flyers handed out at subway stations, Better Homes marketed its activities to prospective New York City home buyers. In response to grievances of dissatisfied Better Homes customers, DCA filed a suit in Supreme Court, alleging that Better Homes engaged in a pattern of deceptive practices in violation of section 20-700 of the City’s Consumer Protection Law.
 

 The complaint alleges that Better Homes showed potential buyers substandard properties at inflated prices, often representing the properties as foreclosures offered “below market value.” If buyers observed that the structures were in disrepair, Better Homes would promise to perform repairs before title closed. Often, however, the repairs were done poorly, incompletely or without required permits. Further, if buyers were hesitant to go through with the sale because of the poor condition of the property, Better Homes threatened to keep their down payments.
 

 The complaint also alleges that Better Homes falsely convinced prospective buyers that their interests were being protected throughout the sale. Better Homes discouraged buyers from employing their own attorneys, steering them instead to attorneys with whom it had ties. In addition, Better Homes told buyers that it was recommending Federal Housing Author
 
 *52
 
 ity (FHA) approved lawyers and contractors, when in fact the FHA does not “approve” either lawyers or contractors. As a result of these assurances, Better Homes falsely led buyers to believe that FHA involvement would protect them or guarantee their satisfaction.
 

 In its complaint against Fessler, DCA alleged that he participated in the corporation’s “operations on a day-to-day basis and [was] actively involved in its marketing and sales activities.”
 

 Fessler and Better Homes moved to dismiss, contending that section 20-700 has no application to their business. Arguing that homes are not “consumer goods or services” within the meaning of the Code, defendants asserted that the complaint failed to state a cause of action (CPLR 3211 [a] [7]) and that DCA lacked capacity to sue (CPLR 3211 [a] [3]). Fessler further argued that because the complaint did not allege that he participated in the wrongful conduct for personal gain, it must be dismissed as against him.
 

 Supreme Court sustained the complaint as to Better Homes but dismissed as to Fessler. The Appellate Division modified and dismissed the complaint as against both, holding that the Consumer Protection Law did not cover transactions associated with the sale of real property (279 AD2d 418 [2001]). We granted leave to appeal, and now reverse and reinstate the complaint in its entirety.
 

 II.
 

 In addressing defendants’ contention that their activities fall outside the proscription of Administrative Code § 20-700, our inquiry centers on whether defendants’ conduct, if established, amounts to a “deceptive or unconscionable trade practice in the sale * * * of any consumer goods or services.” We have little difficulty in concluding that the complaint adequately alleges a deceptive or unconscionable trade practice. By alleging that defendants made false statements that had the potential to mislead consumers in material ways, the Commissioner has satisfied the “deceptive or unconscionable trade practice” element of the statute
 
 (see, Guggenheimer v Ginzburg,
 
 43 NY2d 268, 272-273 [1977];
 
 cf., Gaidon v Guardian Life Ins. Co.,
 
 94 NY2d 330, 344-346 [1999];
 
 Karlin v IVF Am.,
 
 93 NY2d 282, 293 [1999]; General Business Law § 350-a [1]).
 

 That brings us to the more pressing inquiry as to whether defendants’ practices involved consumer goods or services. The
 
 *53
 
 Code defines “consumer goods, services, credit and debts” as those used “primarily for personal, household or family purposes” (Consumer Protection Law [Administrative Code] § 20-701 [c]). In arguing that a house is not a consumer good or service, defendants claim that sustaining the complaint would result in an unwarranted extension of the Consumer Protection Law to include real estate transactions.
 

 In support of their position, defendants contrast the City Code provision with the State’s consumer protection statute (General Business Law § 349). While the City’s Code refers to “consumer goods or services,” General Business Law § 349 is far broader in its prohibition of “[deceptive acts or practices in the conduct of
 
 any business,
 
 trade or commerce or in the furnishing of
 
 any service
 
 in this state * * *” (General Business Law § 349 [a]) (emphasis added). Accordingly — and, as defendants point out, not surprisingly — Appellate Division cases have interpreted General Business Law § 349 to cover real estate transactions.
 
 [1]
 
 Based on this contrast, defendants argue that the City Code was not designed to cover their activities.
 

 The Commissioner counters by asserting that the conduct alleged in the complaint did not involve the simple sale of houses. The Commissioner and
 
 amici
 
 argue that defendants offered a “package” of services in which the sale of real estate was “inextricably intertwined” with services that fall under the protections of the Consumer Protection Law. We agree with the Commissioner that a package of consumer services falls within DCA jurisdiction even though offered in the context of a real estate transaction.
 

 Defendants correctly point out that the simple sale of a house does not involve consumer goods or services within the meaning of the Code.
 
 [2]
 
 But here we have much more. Defendants have not only sold property, but allegedly orchestrated a system of providing services under which prospective buyers
 
 *54
 
 were defrauded or misled every step along the way. The complaint charges that defendants promoted overpriced homes, promising, but often failing, to repair the properties. When buyers expressed concern about paying too much, Better Homes indicated falsely that FHA involvement with the transaction would guarantee buyer satisfaction. Further, defendants allegedly steered buyers to mortgage bankers and attorneys who had connections to Better Homes, making it unlikely that an outside influence would caution or protect the prospective buyers before closing the sale. Moreover, the complaint alleges that Fessler threatened to keep the deposit of a customer who complained about the slow pace of repairs.
 

 Had defendants offered their consumer services without selling the properties, there would be no question that DCA could sue to rectify the violations. Were we to hold, as defendants urge, that the Consumer Protection Law did not cover such allegations, we would effectively insulate fraudulent conduct from the reach of the Code whenever the conduct occurs in connection with the sale or attempted sale of a house.
 

 We are unwilling to conclude that a program of consumer services loses its character simply because it was rendered in connection with a home sale. The Consumer Protection Law specifically defines “deceptive trade practice” to include “representations that goods or services have sponsorship [or] approval * * * that they do not have” (Consumer Protection Law [Administrative Code] § 20-701 [a] [1]). Defendants’ alleged representations that their pre-selected attorneys and contractors were FHA approved would, if proven, violate the statute.
 

 We note that the case comes to us in the posture of a CPLR 3211 motion to dismiss. Accepting the allegations as true, our “sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail”
 
 (Guggenheimer v Ginzburg,
 
 43 NY2d 268, 275 [1977]). As the case proceeds further, the trial court will have a clearer basis on which to assess claims that defendants may raise in connection with particular causes of action. At this stage, however, we conclude that defendants’ motion to dismiss must fail insofar as it is based on their challenge to the statute’s application and the Commissioner’s capacity to sue.
 

 
 *55
 
 III.
 

 The complaint states a cause of action as to defendant Fessler in his individual capacity. In actions for fraud, corporate officers and directors may be held individually liable if they participated in or had knowledge of the fraud, even if they did not stand to gain personally (see,
 
 e.g., Marine Midland Bank v Russo Produce Co.,
 
 50 NY2d 31, 44 [1980]). The complaint alleges that Fessler “participate [d] in [Better Homes’] operations on a day-to-day basis and [was] actively involved in its marketing and sales activities.” The Commissioner names Fessler as having participated personally in the sale of property and as having personally made fraudulent promises to at least one of the dissatisfied buyers that repairs would be made prior to closing. Moreover, the complaint alleges that defendants — both Better Homes and Fessler — committed deceptive trade practices which, by definition, include any false or misleading statements. Under these circumstances, we are unable to say that a jury could not infer his knowledge of or participation in the fraudulent scheme, given the degree of his personal activities and the nature and extent of the customers’ dissatisfaction.
 

 Taking the allegations in the light most favorable to DCA, they are sufficient to support the complaint against Fessler. The Appellate Division therefore erred in dismissing it against him.
 

 Accordingly, the order of the Appellate Division should be reversed, and the complaint reinstated against both defendants, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Graffeo concur.
 

 Order reversed, with costs, and defendants’ motion to dismiss denied.
 

 [1]
 

 .
 
 See, e.g., Latiuk v Faber Constr. Co.,
 
 269 AD2d 820 (4th Dept 2000) (applying section 349 to cover the sale of a home);
 
 Board of Mgrs. of Bayberry Greens Condominium v Bayberry Greens Assocs., 174
 
 AD2d 595 (2d Dept 1991) (applying General Business Law § 349 to sales of condominium units);
 
 see also, Karlin v IVF Am.,
 
 93 NY2d 282, 290,
 
 supra
 
 (stating that General Business Law § 349 applies on its face “to virtually all economic activity”).
 

 [2]
 

 . See,
 
 Black’s Law Dictionary 694 (6th ed 1990) (defining “goods” to “include every species of
 
 personal
 
 property
 
 * * * which are movable at the time of identification to the contract for sale * *
 
 *” [emphasis added]);
 
 see also,
 
 Personal Property Law § 401 (1) (defining “goods” to include “all chattels personal”);
 
 cf., Joseph Martin, Jr., Delicatessen v Schumacher
 
 (52 NY2d 105, 111 [1981] [stating that the Uniform Commercial Code “by its very
 
 *54
 
 terms, is limited to the sale of goods * * * (and) is therefore not applicable to real estate contracts”]).