■ BARTLE B. BULL, Appellant, v ROMIA B. KIMBALL, Respondent. [768 NYS2d 595]—

284

Order, Supreme Court, New York County (Jane Solomon, J.), entered August 29, 2003, which, inter alia, granted defendant's cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, with costs.

A claim such as plaintiff's, based upon an alleged expectancy under a will, is not recognized in this state. Although such a claim is recognized under Illinois law, which plaintiff contends should govern, the motion court correctly concluded, after an interest analysis, that New York rather than Illinois law is applicable, particularly since both parties are domiciled in this state and any economic injury to plaintiff would be sustained here (see Padula v Lilarn Props. Corp., 84 NY2d 519, 521 [1994]; Schultz v Boy Scouts of Am., 65 NY2d 189, 197 [1985]; Ackerman v Price Waterhouse, 252 AD2d 179, 192-193 [1998]). It may be noted that, even if Illinois law did apply, plaintiff would have no claim thereunder since his complaint, even when liberally construed (see Polonetsky v Better Homes Depot, 97 NY2d 46, 54 [2001]), fails to allege the necessary tortious conduct, reasonable certainty of the potential inheritance, and damages (see Greene v First Natl. Bank of Chicago, 162 Ill App 3d 914, 923, 516 NE2d 311, 317 [1987], lv denied 119 Ill 2d 556, 522 NE2d 1244 [1988]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Lerner and Marlow, JJ.