■ BILLY MARTIN'S WESTERN WEAR L.A., INC., Appellant, v WYLER TEAM INTERNATIONAL CORPORATION et al., Respondents. (And a Third-Party Action.) [808 NYS2d 16]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 6, 2005, which, to the extent appealed from, in an action seeking, inter alia, declaratory relief, granted defendants' motion for summary judgment dismissing the complaint and as to liability on their first counterclaim, and denied plaintiff's cross motion seeking, inter alia, summary judgment dismissing the third-party complaint and leave to amend the caption, unanimously modified, on the law, to declare in defendants' favor that the parties' Trade Licensing Agreement (TLA) was properly terminated by defendants, and otherwise affirmed, with one bill of costs in favor of defendants, payable by plaintiff.

Although plaintiff in the TLA purported to transfer to defendant Wyler Team International Corporation (Wyler) certain trademarks for use in the manufacture and sale of goods, and in that connection covenanted that it was "the sole and exclusive licensee of all rights, title and interest" in the trademarks and was authorized to transfer such interest, the record establishes that any interest plaintiff had in the subject trademarks was acquired through a 1999 agreement, respecting which it was in default for nonpayment at the time the TLA was entered into. Plaintiff was consequently unable to demonstrate that it did, in fact, have the exclusive interest in the trademarks it represented, much less authority to effect the transfer of such interest. Thus, plaintiff was in breach of a material provision of the TLA and the TLA was, pursuant to its terms permitting termination for breach of a material provision, properly terminated by Wyler. Wyler is, accordingly, entitled to a declaration to that effect and to summary judgment as to liability on its first counterclaim seeking damages for plaintiff's breach of the TLA.

We reject plaintiff's argument that it was entitled to the subject trademarks since it had, prior to the 1999 licensing agreement, acquired them through use in commerce. Apart from the circumstance that this contention is directly at odds with the plain language of the TLA expressly acknowledging that the rights at issue "are derived from the October 28, 1999 agreement," the use of a trademark in one market does not necessarily entitle the user to the same mark in a different market (*see Hanover Star Milling Co. v Metcalf*, 240 US 403, 415 [1916];

*Dawn Donut Co. v Hart's Food Stores, Inc.*, 267 F2d 358, 364-365 [2d Cir 1959]). Here, plaintiff did not, in advance of the 1999 agreement, use the trademarks at issue in the wholesale clothing markets for which the trademarks were intended under the TLA.

We decline to review plaintiff's claim that the original licensor abandoned his trademarks pursuant to Lanham Act § 45 (15 USC § 1127), since it is improperly raised for the first time on appeal (*see First Intl. Bank of Israel v Blankstein & Son*, 59 NY2d 436, 447 [1983]; *Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988]). In any event, since, as noted, plaintiff did not within the relevant pre-1999 time frame use the trade names in question in the wholesale market, plaintiff cannot have acquired the trade names it purported to transfer to Wyler in consequence of any abandonment by the original licensor.

Contrary to plaintiff's contention, the third-party complaint alleging fraud against Douglas Newton in his individual capacity was properly sustained as against plaintiff's argument that Wyler had no cognizable claim against Newton personally, in light of evidence indicating that Newton himself was the source of the alleged misrepresentations (*see Polonetsky v Better Homes Depot*, 97 NY2d 46, 55 [2001]; *see also Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 44 [1980]).

We have reviewed plaintiff's remaining arguments, including those challenging the denial of its motion to amend the caption, and find them unavailing.

We modify only to declare in defendants' favor (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Concur—Tom, J.P., Andrias, Friedman, Sullivan and Malone, JJ.