SEMYON LEVIN et al., Respondents, v OSCAR KITSIS et al., Defendants, and ANNA KITSIS et al., Appellants. [920 NYS2d 131]—

On a motion to dismiss pursuant to CPLR 3211 (a) (1), "dismissal is warranted only if the documentary evidence submitted

conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Here, the Supreme Court properly concluded that the documentation submitted by the appellants in support of that branch of their cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) insofar as asserted against them for lack of standing failed to conclusively establish that the plaintiff Semyon Levin lacked standing to commence this action (*see Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575, 576 [2008]; *Fleming v Kamden Props., LLC*, 41 AD3d 781, 781-782 [2007]).

In the fourth cause of action, the plaintiffs seek to recover damages against the defendants Oscar Kitsis and Ada Kitsis and the appellant Anna Kitsis for their alleged conspiracy and participation in a fraudulent scheme designed to deprive the plaintiffs of their rights as creditors. The appellant L'Esperanza, Inc. (hereinafter L'Esperanza), is not named in the fourth cause of action. The Supreme Court properly denied that branch of the appellants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against Anna Kitsis. Although "New York does not recognize civil conspiracy to commit a tort . . . as an independent cause of action" (*Dickinson v Igoni*, 76 AD3d 943, 945 [2010]; *see Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]), "a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme" (*Litras v Litras*, 254 AD2d 395, 396 [1998]; *see Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d at 969). Affording the complaint a liberal construction, accepting all facts as alleged to be true and according the plaintiffs the benefit of every possible inference, as a court must on a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see Plumitallo v Hudson Atl. Land Co., LLC*, 74 AD3d 1038, 1039 [2010]), the plaintiffs alleged sufficient facts from which it may be inferred that Anna Kitsis knowingly participated in a fraudulent scheme to deprive the plaintiffs of their creditor rights (*see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 479 [2009]; *Litras v Litras*, 254 AD2d at 396; *Goldstein v Siegel*, 19 AD2d 489, 493 [1963]; *cf. First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1138 [2010]; *Agostini v Sobol*, 304 AD2d 395, 396 [2003]; *National Westminster Bank v Weksel*, 124 AD2d 144 [1987]).

Under the sixth and seventh causes of action, the plaintiffs allege that the appellants were unjustly enriched. "To state a

cause of action to recover damages for unjust enrichment, a plaintiff must allege that (1) the other party was enriched, (2) at [the plaintiff's] expense and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (*AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 19 [2008] [internal quotation marks omitted]; *see Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], *cert denied* 414 US 829 [1973]; *Cruz v McAneney*, 31 AD3d 54, 59 [2006]). " 'The essence of unjust enrichment is that one party has received money or a benefit at the expense of another' " (*Goldman v Simon Prop. Group, Inc.*, 58 AD3d 208, 220 [2008], quoting *City of Syracuse v R.A.C. Holding*, 258 AD2d 905, 906 [1999]). Here, the plaintiffs alleged that the defendants Oscar Kitsis and Ada Kitsis improperly assigned, without consideration, a consolidated mortgage interest to L'Esperanza, a corporation owned and controlled by their daughter, Anna Kitsis. At the same time, Oscar Kitsis and Ada Kitsis obtained title to the subject premises in lieu of foreclosure, thereby improperly transferring to L'Esperanza a lien superior to the liens asserted by the plaintiffs. These allegations were adequate to state a cause of action against L'Esperanza to recover damages for unjust enrichment (*see Plumitallo v Hudson Atl. Land Co., LLC.*, 74 AD3d at 1039; *Cruz v McAneney*, 31 AD3d at 59). The complaint does not adequately plead this cause of action against Anna Kitsis in her individual capacity, however, in that the plaintiffs do not allege any basis for piercing the corporate veil and imposing personal liability upon Anna Kitsis. Accordingly, the Supreme Court properly denied that branch of the appellants' cross motion which was to dismiss the cause of action alleging unjust enrichment insofar as asserted against L'Esperanza under the sixth and seventh causes of action, but should have granted that branch of the cross motion which was to dismiss those causes of action alleging unjust enrichment insofar as asserted against Anna Kitsis.

In addition to seeking to recover damages for unjust enrichment and participation in a fraudulent scheme, the plaintiffs, under the seventh cause of action and incorporated allegations of the complaint, seek a judgment declaring that certain real estate transactions are invalid and to permanently enjoin the appellants from continuing to engage in the alleged wrongful scheme to deprive the plaintiffs of their creditor rights. The cause of action for declaratory and injunctive relief was adequately pleaded against the appellants, and the Supreme Court properly denied that branch of the appellants' motion which was to dismiss so much of the seventh cause of action as stated a cause of action for injunctive and declaratory relief (*see Goldman v Simon Prop. Group, Inc.*, 58 AD3d at 218).

However, the Supreme Court should have granted that branch of the appellants' cross motion pursuant to CPLR 3211 (a) (7) which was to dismiss the second cause of action alleging constructive fraud insofar as asserted against the appellants. A cause of action sounding in actual fraud must state that the defendant knowingly misrepresented or concealed a material fact for the purpose of inducing another party to rely upon it, and that the other party justifiably relied upon such misrepresentation or concealment to his or her own detriment (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407 [1958]; *Deutsche Bank Natl. Trust Co. v Sinclair*, 68 AD3d 914, 916 [2009]). "The elements of a cause of action to recover for constructive fraud are the same as those to recover for actual fraud with the crucial exception that the element of scienter upon the part of the defendant, his [or her] knowledge of the falsity of his representation, is dropped . . . and is replaced by a requirement that the plaintiff prove the existence of a fiduciary or confidential relationship warranting the trusting party to repose his [or her] confidence in the defendant and therefore to relax the care and vigilance he [or she] would ordinarily exercise in the circumstances" (*Brown v Lockwood*, 76 AD2d 721, 731 [1980]; *see Leone v Sabbatino*, 235 AD2d 460, 461 [1997]; *Del Vecchio v Nassau County*, 118 AD2d 615, 617-618 [1986]). Here, the plaintiffs failed to allege facts demonstrating that a fiduciary or confidential relationship existed between themselves and the appellants (*see Sentlowitz v Cardinal Dev., LLC*, 63 AD3d 1137, 1138 [2009]; *Sokol v Addison*, 293 AD2d 600, 601 [2002]; *Iglesias v Dazi*, 253 AD2d 515, 516 [1998]; *Mack v Meier*, 251 AD2d 298 [1998]; *cf. Elias v Handler*, 155 AD2d 583 [1989]). Accordingly, the second cause of action to recover damages for constructive fraud should have been dismissed insofar as asserted against the appellants. Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur.