■ ANGIL JONES et al., Respondents, v OTN ENTERPRISE, INC., et al., Defendants, and BANK OF AMERICA, N.A., Appellant. [922 NYS2d 810]—

In an action, inter alia, to recover damages for fraud, the defendant Bank of America, N.A., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 12, 2008, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first, second, and third causes of action alleging a violation of General Business Law § 349, common-law fraud, and aiding and abetting fraud, respectively, insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant Bank of America, N.A., which were pursuant to CPLR 3211 (a) (7) to dismiss the first, second, and third causes of action alleging a violation of General Business Law § 349, common-law fraud, and aiding and abetting fraud, respectively, insofar as asserted against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Bank of America, N.A.

The plaintiff commenced this action against, among others, the appellant. The complaint contained, inter alia, causes of action alleging a violation of General Business Law § 349, common-law fraud, and aiding and abetting fraud.

The Supreme Court properly denied that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (1). Contrary to the appellant's contention, the documentary evidence it submitted did not utterly refute the plaintiff's factual allegations or conclusively establish a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 88 [1994]).

However, the Supreme Court should have granted those branches of the appellant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action sounding in fraud, aiding and abetting fraud, and a violation of General Business Law § 349 insofar as asserted against it for failure to state a cause of action. The amended complaint does not satisfy the heightened pleading requirements of CPLR 3016 (b) with respect to the fraud and aiding and abetting fraud causes of action insofar as they are asserted against the appellant (see Brualdi v IBERIA, Lineas Aereas de España, S.A., 79 AD3d 959, 960 [2010]; National Westminster Bank v Weksel, 124 AD2d 144, 149 [1987]). The amended complaint also does not allege any deceptive or misleading conduct on the part of the appellant within the meaning of General Business Law § 349 (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 324; Ladino v Bank of Am., 52 AD3d 571, 574 [2008]). Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.