■ HIGH TIDES, LLC, Appellant-Respondent, v DON DEMICHELE, Respondent, and JEFFREY SERKES et al., Respondents-Appellants, et al., Defendants. [931 NYS2d 377]—

In July 2007, December 2007, and August 2008, the plaintiff, High Tides, LLC (hereinafter HT), invested different sums of money totaling over one million dollars in Kainos Partners Holding Company, LLC (hereinafter Kainos). Kainos was created in 2006 and owned and operated Dunkin' Donuts restaurants in New York, Nevada, and South Carolina. Although Kainos initially grew at an impressive rate, it became insolvent in late 2008 and, ultimately, filed for bankruptcy protection. HT com-

menced this action against the defendants to recover damages based upon, inter alia, the purported fraudulent acts of the defendants in concealing and misrepresenting the true nature of Kainos's financial status in order to induce the plaintiff to invest in Kainos.

The defendant Don DeMichele, a member of Kainos's board of directors and the chief executive officer of Kainos, moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him, arguing, inter alia, that the complaint failed to allege any specific fraudulent misrepresentations he made to HT regarding Kainos. The defendants Jeffrey Serkes and Kenneth Kellaway, members of Kainos's board of directors, separately moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them on the ground, inter alia, that it lacked any specific allegations regarding their involvement with the alleged fraud. The defendant Dunkin' Brands, LLC (hereinafter DB), the master servicer for Dunkin' Donuts Franchised Restaurants, LLC, moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, arguing, among other things, that there was no basis alleged in the complaint on which it could be found to have been involved in the purported fraud.

With respect to the defendants DeMichele, Serkes, and Kellaway, the Supreme Court concluded that they were entitled to the dismissal of HT's first six causes of action insofar as asserted against them, alleging fraudulent inducement, fraudulent concealment, fraud and misrepresentation, negligent omission, negligent misrepresentation, and conspiracy to defraud. With respect to the defendant DB, the Supreme Court held that it was entitled to the dismissal of HT's sixth cause of action insofar as asserted against it, alleging conspiracy to defraud. However, the Supreme Court denied those branches of the defendants' respective motions which were to dismiss the seventh cause of action alleging aiding and abetting fraud insofar as asserted against these defendants.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction (see CPLR 3026; EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]), and the court must accord the plaintiff "the benefit of every possible favorable inference," accept the facts alleged in the complaint as true, and "determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d at 87-88). Such a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot estab-

lish a cause of action (*see Kuzmin v Nevsky*, 74 AD3d 896, 898 [2010]; *Hartman v Morganstern*, 28 AD3d 423, 424 [2006]).

Here, the first, second, and third causes of action allege, respectively, fraudulent inducement, fraudulent concealment, and fraudulent misrepresentation on the part of, among others, DeMichele, Serkes, and Kellaway. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). A cause of action to recover damages for fraudulent concealment requires, in addition to allegations of scienter, reliance, and damages, an allegation that the defendant had a duty to disclose material information and that it failed to do so (*see Manti's Transp., Inc. v C.T. Lines, Inc.*, 68 AD3d 937, 940 [2009]; *Barrett v Freifeld*, 64 AD3d 736, 738 [2009]). As relevant here, "corporate officers and directors may be held individually liable if they participated in or had knowledge of the fraud, even if they did not stand to gain personally" (*Polonetsky v Better Homes Depot*, 97 NY2d 46, 55 [2001]; *see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491 [2008]).

Where a cause of action is based on a misrepresentation or fraud, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]). The purpose of this pleading requirement "is to inform a defendant of the complained-of incidents" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d at 491). However, courts have recognized that, in certain circumstances, it may be "almost impossible to state in detail the circumstances constituting a fraud where those circumstances are peculiarly within the knowledge of [an adverse] party" (*Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194 [1968]; *see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d at 491-492). Under such circumstances, the heightened pleading requirements of CPLR 3016 (b) may be met when the material facts alleged in the complaint, in light of the surrounding circumstances, "are sufficient to permit a reasonable inference of the alleged conduct" including the adverse party's knowledge of, or participation in, the fraudulent scheme (*Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d at 492; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d at 559; *Polonetsky v Better Homes Depot*, 97 NY2d at 55; *Houbig-*

*ant, Inc. v Deloitte & Touche*, 303 AD2d 92, 99 [2003]; *125 Assoc. v Cralin Trading Assoc.*, 196 AD2d 630, 630-631 [1993]; *Elsky v KM Ins. Brokers*, 139 AD2d 691, 691 [1988]; *National Westminster Bank v Weksel*, 124 AD2d 144, 149 [1987]).

As an initial matter, the complaint in this case contains allegations of fraudulent misrepresentations and omissions which occurred after HT made investments in Kainos. These alleged misrepresentations and omissions may not form the basis for the plaintiff's fraud claims to the extent that they were made after any such investment, since the element of reliance is necessarily absent (*see DH Cattle Holdings Co. v Smith*, 195 AD2d 202, 208 [1994] ["(t)he documents provided to defendant were received after he made the investment, and thus the required element of reliance is absent"]).

In addition, the complaint contains numerous allegations of fraudulent misrepresentations which amount to no more than "[v]ague expressions of hope and future expectation" (*International Oil Field Supply Servs. Corp. v Fadeyi*, 35 AD3d 372, 375 [2006]), or "mere opinion and puffery" (*DH Cattle Holdings Co. v Smith*, 195 AD2d at 208). Such statements provide an insufficient basis upon which to predicate a claim of fraud (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at 178; *Roney v Janis*, 53 NY2d 1025, 1027 [1981]; *Deutsche Bank Natl. Trust Co. v Sinclair*, 68 AD3d 914, 916-917 [2009]; *Foot Locker Stores, Inc. v Pyramid Mgt. Group, Inc.*, 45 AD3d 1447, 1448 [2007]; *International Oil Field Supply Servs. Corp. v Fadeyi*, 35 AD3d at 375; *Naturopathic Labs. Intl., Inc. v SSL Ams., Inc.*, 18 AD3d 404, 404 [2005]; *Jacobs v Lewis*, 261 AD2d 127, 127-128 [1999]; *DH Cattle Holdings Co. v Smith*, 195 AD2d at 208).

Moreover, the complaint is devoid of any allegations of specific misrepresentations or omissions made by the defendants Serkes, Kellaway, and DeMichele, and the conclusory allegations of fraud insofar as attributed to these defendants are insufficient to satisfy the pleading requirement of CPLR 3016 (b) (*see Scomello v Caronia*, 232 AD2d 625, 625 [1996]; *Sforza v Health Ins. Plan of Greater N.Y.*, 210 AD2d 214, 215 [1994]; *see also Lakeville Pace Mech. v Elmar Realty Corp.*, 276 AD2d 673, 676 [2000]; *Eastman Kodak Co. v Roopak Enters.*, 202 AD2d 220, 222 [1994]).

Furthermore, the material factual allegations in the complaint, in light of the surrounding circumstances described therein, do not give rise to a reasonable inference that the defendants Serkes, Kellaway, and DeMichele participated in, or had actual knowledge of any of the fraud alleged in the complaint. Although such an inference may be established by

alleging facts that relate to the positions and responsibilities of corporate officers and directors (*see Sargiss v Magarelli*, 12 NY3d 527, 531-532 [2009]; *Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d at 491-492; *Polonetsky v Better Homes Depot*, 97 NY2d at 55; *DDJ Mgt., LLC v Rhone Group L.L.C.*, 78 AD3d 442, 444-445 [2010]), no facts have been alleged here which would permit an inference that these defendants, by virtue of their positions and responsibilities within Kainos, would have participated in the preparation of the allegedly fraudulent "report[s]" and "communications" issued by Kainos, or that they would have had any knowledge that these "report[s]" and "communications" were somehow false or misleading (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d at 559; *125 Assoc. v Cralin Trading Assoc.*, 196 AD2d at 630-631; *Elsky v KM Ins. Brokers*, 139 AD2d at 691; *see also Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at 178; *National Westminster Bank v Weksel*, 124 AD2d at 149; *cf. Houbigant, Inc. v Deloitte & Touche*, 303 AD2d at 99).

Accordingly, the Supreme Court properly determined that DeMichele, Serkes, and Kellaway were entitled to the dismissal of the first cause of action alleging fraudulent inducement, the second cause of action alleging fraudulent concealment, and the third cause of action alleging fraud and misrepresentation insofar as those causes of action are asserted against them, since the complaint failed to meet the pleading requirements of CPLR 3016 (b) (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at 178; *Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d at 559; *Jones v OTN Enter., Inc.*, 84 AD3d 1027, 1028 [2011]; *Dumas v Fiorito*, 13 AD3d 332, 333 [2004]; *Gabrielli Truck Sales v Reali*, 258 AD2d 437, 438 [1999]).

Turning to the negligent misrepresentation and omission claims set forth in the fourth and fifth causes of action, respectively, in order to state a cause of action based on these theories, a plaintiff must allege "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect [or withheld]; and (3) reasonable reliance on the information [or omission]" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at 180, quoting *J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]; *see Stilianudakis v Tower Ins. Co. of N.Y.*, 68 AD3d 973 [2009]). "[L]iability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified"

(*Kimmell v Schaefer*, 89 NY2d 257, 263 [1996]). "A special relationship does not arise out of an ordinary arm's length business transaction between two parties" (*US Express Leasing, Inc. v Elite Tech. [NY], Inc.*, 87 AD3d 494, 497 [2011]; *see Dembeck v 220 Cent. Park S., LLC*, 33 AD3d 491, 492 [2006]), and "an arm's length borrower-lender relationship is not of a confidential or fiduciary nature" (*Dobroshi v Bank of Am., N.A.*, 65 AD3d 882, 884 [2009]).

Although the complaint in this case generally refers to the "the special nature of the parties' relationship," the plaintiff failed to allege facts demonstrating the existence of the requisite relationship between it and the defendants DeMichele, Serkes, and Kellaway (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at 180; *US Express Leasing, Inc. v Elite Tech. [NY], Inc.*, 87 AD3d at 497; *Dobroshi v Bank of Am., N.A.*, 65 AD3d at 884; *Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc.*, 86 AD3d 919, 920 [2011]; *Ideal Steel Supply Corp. v Anza*, 63 AD3d 884, 885 [2009]; *see also Levin v Kitsis*, 82 AD3d 1051, 1054 [2011]). Accordingly, the Supreme Court properly held that the fourth and fifth causes of action must be dismissed insofar as those causes of action are asserted against the defendants DeMichele, Serkes, and Kellaway (*see Levin v Kitsis*, 82 AD3d at 1054).

The sixth cause of action alleged the existence of a conspiracy to defraud. However, the complaint failed to allege sufficient facts from which it may be inferred that the defendants DB, DeMichele, Serkes, or Kellaway participated in a fraudulent scheme to induce the plaintiff to invest in Kainos (*see First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1138 [2010]; *see also Scott v Fields*, 85 AD3d 756, 757 [2011]; *cf. Levin v Kitsis*, 82 AD3d at 1054). Accordingly, the Supreme Court properly held that the sixth cause of action must be dismissed insofar as asserted against the defendants DB, DeMichele, Serkes, and Kellaway (*see Levin v Kitsis*, 82 AD3d at 1054).

With respect to the seventh cause of action to recover damages for aiding and abetting fraud, the Supreme Court should have granted those branches of the respective motions of the defendants Serkes, Kellaway, and DB which were pursuant to CPLR 3211 (a) (7) to dismiss this cause of action insofar as asserted against them. Aiding and abetting fraud must be pleaded with the specificity sufficient to satisfy CPLR 3016 (b) (*see Jones v OTN Enter., Inc.*, 84 AD3d at 1028; *Rizel v Bodner*, 225 AD2d 410 [1996]; *Shearson Lehman Bros. v Bagley*, 205 AD2d 467 [1994]). Here, the complaint failed to adequately allege an underlying fraud, these defendants' knowledge of this fraud,

and these defendants' substantial assistance in the achievement of the fraud (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d at 560-561; *Jones v OTN Enter., Inc.*, 84 AD3d at 1028; *Agostini v Sobol*, 304 AD2d 395, 396 [2003]; *National Westminster Bank v Weksel*, 124 AD2d at 149).

In light of the foregoing, we need not address the parties' remaining contentions. Dillon, J.P., Belen, Roman and Miller, JJ., concur. **[Prior Case History: 27 Misc 3d 1233(A), 2010 NY Slip Op 51018(U).]**