Yablon v Stern (2018 NY Slip Op 03650)





Yablon v Stern


2018 NY Slip Op 03650


Decided on May 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018

Sweeny, J.P., Webber, Gesmer, Singh, Moulton, JJ.


6637 157327/16

[*1]Paul Yablon, et al., Plaintiffs-Respondents-Appellants,
v
Nicholas S. G. Stern, Defendant-Appellant-Respondent.


Wallison & Wallison LLP, New York (Jeremy Wallison of counsel), for appellant-respondent.
Wasserman Grubin & Rogers, LLP, New York (Douglas J. Lutz of counsel), for respondents-appellants.



Order, Supreme Court, New York County (David B. Cohen, J.), entered March 30, 2017, which granted defendant's motion pursuant to CPLR 3211(a)(7) insofar as it dismissed the first and second causes of action, and denied it as to the third, unanimously modified, on the law, to deny so much of defendant's motion as sought dismissal of the second cause of action, for conversion, and otherwise affirmed, without costs.
Plaintiffs retained defendant's company to renovate their apartment and have sufficiently alleged that defendant, the principal of the company, personally engaged in fraudulent conduct by eliciting downpayments and deposits for the purported purposes of making advance payments to subcontractors and material suppliers. However, in certain instances, defendant did not make these payments, and falsely recorded in the corporate business's documentation that the payments had been made (see 277 Mott St., LLC v Fountainhead Constr. LLC, 83 AD3d 541 [1st Dept 2011]; Delta Dallas Omega Corp. v Wair Assoc., 189 AD2d 701 [1st Dept 1993]). Plaintiffs justifiably relied on the misrepresentations and were induced to make additional deposits to ensure timely performance, resulting in injury.
When plaintiffs terminated the contract mid-construction and demanded a return of $400,000 of the $840,000 they had paid, defendant allegedly returned only $84,622.65, without providing an accounting, and allegedly diverted the balance of such monies to his personal use. These allegations sufficiently state a cause of action for conversion (see Lemle v Lemle, 92 AD3d 494, 497 [1st Dept 2012]; Passaic Falls Throwing Co. v Villaneuve-Pohl Corp., 169 AD 727 [1st Dept 1915]).
Plaintiffs' cause of action alleging fraud in the inducement was properly dismissed, as it is founded upon non-actionable promises of future conduct or events, rather than present fact (see Archstone Dev LLC v Renval Constr. LLC, 156 AD3d 432 [1st Dept 2017]; Ullman v Hillyer, 106 AD3d 579 [1st Dept 2013], lv denied 22 NY3d 860 [2014]) and non-actionable opinion of defendant as to his entity's resources and capability of
undertaking the luxury renovation work sought by plaintiffs (see Jacobs v Lewis, 261 AD2d 127 [1st Dept 1999]; Ullman, 106 AD3d 579).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 22, 2018
CLERK