M.T. Packaging, Inc. v Fung Kai Hoo (2018 NY Slip Op 04437)





M.T. Packaging, Inc. v Fung Kai Hoo


2018 NY Slip Op 04437


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


6884 652579/14

[*1]M.T. Packaging, Inc., Plaintiff-Respondent,
v
Fung Kai Hoo, etc., et al., Defendants-Appellants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Paul Seidenstock of counsel), for appellants.
Balestriere Fariello, New York (Jillian L. McNeil of counsel), for respondent.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 10, 2017, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The complaint alleges that defendants fraudulently induced plaintiff to purchase plastic bags from them by providing a "Certificate of Compliance" in which defendant Fung falsely represented that "all packaging and packaging components sold to [plaintiff] or its subsidiaries in the State(s) of USA comply with the requirements of the toxics in packaging law(s)," that "the sum of the incidental concentration levels of [regulated metals] present in any package or package component does not exceed 100 parts per million by weight," and that defendants would maintain adequate documentation of the certified compliance. The complaint alleges that plaintiff entered into the transactions in reliance on the Certificate, and that, in May 2009, one of plaintiff's customers tested defendants' bags and found that they contained lead and toxic metals in excess of the certified standards. It also alleges that defendants did not maintain documentation.
Defendants failed to establish prima facie that plaintiff was unreasonable in relying on the Certificate (see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 156 [2010]). The Certificate contains express misrepresentations concerning present compliance that form the basis for an implied promise that products provided in the future would comply with the specified standards for toxins (see GoSmile, Inc. v Levine, 81 AD3d 77, 81 [1st Dept 2010], lv dismissed 17 NY3d 782 [2011]).
Defendants failed to establish prima facie that the complaint should be dismissed as against Fung individually on the ground that he signed the Certificate in his capacity as managing director, not individually, since he can be held individually liable if he participated in or knew of the fraud (Polonetsky v Better Homes Depot, 97 NY2d 46, 55 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK