Minico Ins. Agency, LLC v B&M Cleanup Servs. (2018 NY Slip Op 06729)





Minico Ins. Agency, LLC v B&M Cleanup Servs.


2018 NY Slip Op 06729


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-03506
 (Index No. 606551/16)

[*1]Minico Insurance Agency, LLC, etc., appellant,
v
B & M Cleanup Services, defendant, Boris Aminov, etc., respondent.


Brody, O'Connor & O'Connor, New York, NY (Tillie S. Mirman and Scott A. Brody of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered March 13, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Boris Aminov which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Boris Aminov which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action is denied.
The defendant B & M Cleanup Services (hereinafter B & M), through an agent, submitted an application to the plaintiff to obtain commercial general liability insurance, and was ultimately issued a policy. The plaintiff alleges that the premium charged and collected for the policy was based upon an estimate, provided by B & M's president, the defendant Boris Aminov, of B & M's anticipated gross sales for the policy period. After the expiration of that period, the plaintiff conducted a premium audit and allegedly determined that B & M's actual gross sales for the policy period had been substantially underestimated. Based upon the audit and the terms of the policy, the plaintiff demanded an additional premium, which was never paid. The plaintiff thereafter commenced this action alleging breach of contract and to recover on an account stated, as well as a third cause of action against Aminov personally, sounding in fraud. Aminov moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the third cause of action. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Sokol v Leader, 74 AD3d 1180, 1180-1182). Evidentiary material may be received on such a motion "to remedy defects in the complaint" (Rovello v Orofino Realty Co., 40 NY2d 633, 636; see Sokol v Leader, 74 AD3d at 1181). However, "unless the motion to dismiss is converted by the court to a motion for summary judgment, [the plaintiff] will not be penalized because [it] has not made an evidentiary showing in support of [its] complaint" (Rovello v Orofino Realty Co., 40 NY2d at 635).
"The elements of a cause of action to recover damages for fraud are (1) a misrepresentation or a material omission of fact which was false, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages" (Fox Paine & Co., [*2]LLC v Houston Cas. Co., 153 AD3d 673, 677; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898). "In actions for fraud, corporate officers and directors may be held individually liable if they participated in or had knowledge of the fraud, even if they did not stand to gain personally" (Polonetsky v Better Homes Depot, 97 NY2d 46, 55; see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491).
In addition to alleging all of the elements of a fraud cause of action, CPLR 3016(b) provides that "the circumstances constituting the wrong shall be stated in detail." The purpose of this heightened pleading requirement "is to inform a defendant with respect to the incidents complained of" and "should not be confused with unassailable proof of fraud" (Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 491-492).
Here, contrary to the Supreme Court's conclusion, the complaint, as amplified by the plaintiff's submission in opposition to the motion, alleged all of the elements constituting fraud, and further stated "the basic facts to establish [those] elements," as required by CPLR 3016(b) (Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 492). In particular, the plaintiff alleged a specific misrepresentation, intentionally made by Aminov (cf. Polonetsky v Better Homes Depot, 97 NY2d at 55; High Tides, LLC v DeMichele, 88 AD3d 954, 958), in the context of applying for a policy of insurance from the plaintiff, and that the plaintiff relied upon that misrepresentation to its detriment, as it consequently charged and collected a lower premium than it otherwise would have for the instant insurance policy. Assuming the facts alleged to be true and according the plaintiff the benefit of every favorable inference, these allegations set forth a cognizable cause of action alleging fraud, and stated in sufficient detail the facts constituting the wrong (see Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d at 677). Moreover, the fraud cause of action is not duplicative of the breach of contract cause of action, as it does not relate to a failure to perform under the insurance policy, but, rather, to an alleged misrepresentation made in applying for the policy (see J & D Evans Constr. Corp. v Iannucci, 84 AD3d 1171, 1172; WIT Holding Corp. v Klein, 282 AD2d 527, 528).
Accordingly, that branch of Aminov's motion which was to dismiss the third cause of action should have been denied.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court