■ STAFKINGS HEALTH CARE SYSTEMS, INC., Respondent, v BLUE CROSS AND BLUE SHIELD OF UTICA-WATERTOWN, INC., Appellant. (Appeal No. 1.) [635 NYS2d 387] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in failing to dismiss plaintiff's second cause of action, alleging negligent misrepresentation. In its complaint, plaintiff, a health care provider, alleged that it telephoned defendant insurer to inquire whether certain services would be covered under a group policy that defendant maintained with an insured's employer. An employee of defendant informed plaintiff that the services would be covered and plaintiff provided the services to the insured. Defendant then disclaimed coverage pursuant to a policy exclusion. Plaintiff alleges that it relied upon defendant's negligent misrepresentation of coverage in providing the services to the insured.

"[B]efore a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity" *(Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377, 382, *rearg denied* 81 NY2d 955; *Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 425; *Sinclair's Deli v Associated Mut. Ins. Co.,* 196 AD2d 644). We conclude, based upon this record, that plaintiff failed to demonstrate the existence of a relationship with defendant sufficiently approaching privity. Plaintiff's single unsolicited telephone inquiry to defendant is insufficient to create a special relationship between the parties *(see, Security Pac. Bus. Credit v Peat Marwick Main & Co.,* 79 NY2d 695, 705, *rearg denied* 80 NY2d 918). (Appeal from Order

of Supreme Court, Oswego County, Hurlbutt, J.—Reargument.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.