■ PAR PLUMBING Co., INC., Appellant, v ENGELHARD CORPORATION, Respondent, et al., Defendant. [681 NYS2d 280] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about January 14, 1998, which granted the motion of defendant manufacturer Engelhard Corporation for summary judgment dismissing plaintiff's remaining causes of action against it, sounding in negligent misrepresentation, unanimously affirmed, with costs.

In a commercial context, "a duty to speak with care exists when 'the relationship of the parties, arising out of contract or otherwise, [is] such that in morals and good conscience the one has the right to rely upon the other for information' " (Kimmell v Schaefer, 89 NY2d 257, 263, quoting International Prods. Co. v Erie R. R. Co., 244 NY 331, 338). A simple arm's length business relationship is not enough (see, United Safety v Consolidated Edison Co., 213 AD2d 283, 285). Here, plaintiff, an experienced plumbing contractor, prior to inspecting the job site, telephoned Engelhard's "800" number to inquire as to which of its products would be appropriate for joining extra strength brass pipes to heavy bronze fittings. Plaintiff did not identify the job site or working conditions, but, based on the information it did provide, was advised to use Engelhard's "Silavoy 4 Bag-1 with Ultraflux". Under these circumstances, "[p]laintiff's single unsolicited telephone inquiry to defendant

is insufficient to create a special relationship between the parties" (*Stafkings Health Care Sys. v Blue Cross & Blue Shield*, 221 AD2d 908, citing *Security Pac. Bus. Credit v Peat Marwick Main & Co.*, 79 NY2d 695, 705). We have considered plaintiff's remaining arguments and find them to be unpersuasive. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Mazzarelli, JJ.