■ FRANKLIN HIGH INCOME TRUST et al., Respondents, v APP GLOBAL, LTD., et al., Defendants, and ARTHUR ANDERSEN, L.L.P., et al., Appellants. [776 NYS2d 473]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 25, 2003, which, inter alia, denied the motion of defendant Arthur Andersen, L.L.P. to dismiss the complaint as against it, and order, same court and Justice, entered July 17, 2003, which denied the motion by defendant AWSC Société Coopérative, sued herein as Andersen Worldwide, S.C., to dismiss the complaint as against it, unanimously affirmed, without costs.

Plaintiffs' allegations that defendant AWSC Société Coopérative (AWSC), a Swiss cooperative domiciled in Geneva, Switzerland, prepared financial statements that were to be used to solicit the interest of New York investors and, in so doing, either knowingly or recklessly misrepresented the financial condition of defendant APP Global, Ltd. and its subsidiaries, to the detriment of New York investors who relied upon the alleged misrepresentations, are adequate to sustain the action as against that branch of AWSC's CPLR 3211 motion seeking dismissal of the action as against it for lack of personal jurisdiction (*see* CPLR 302 [a] [3]), notwithstanding any Swiss law to the contrary.

Nor is the action as against AWSC and the other accounting defendant, Arthur Andersen, L.L.P., subject to dismissal pursuant to CPLR 3211 merely because the accounting defendants

dispute plaintiffs' allegations respecting the assertedly close and controlling relationship between them and the Arthur Andersen entity that was purportedly immediately responsible for the complained-of audits and financial statements (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Also without merit is that branch of the accounting defendants' motion seeking dismissal of the complaint as against them pursuant to CPLR 3016 (b) for plaintiff investors' failure to plead fraud with greater particularity. The complaint alleges fraud in sufficient detail to afford the requisite notice to the accounting defendants, particularly since knowledge of the relevant surrounding circumstances lies peculiarly within the possession of the accounting entities responsible for generating the complained-of audits and financial statements (*see Oxford Health Plans [NY] v BetterCare Health Care Pain Mgt. & Rehab*, 305 AD2d 223, 224 [2003]; *Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 98 [2003]; *and see Knight Sec. v Fiduciary Trust Co.*, 5 AD3d 172 [2004]).

We have considered the accounting defendants' remaining arguments and find them unavailing. Concur—Nardelli, J.P., Tom, Ellerin and Williams, JJ.