■ PETER J. DAPUZZO et al., Respondents-Appellants, v REZNICK FEDDER & SILVERMAN, Appellant-Respondent. [788 NYS2d 69]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered June 27, 2003, which granted so much of defendant's motion to dismiss the common-law negligence claim of plaintiffs DaPuzzo, Abell and the Harrah Trust for failure to state a cause of action, but denied so much of that motion as challenged plaintiffs' fraud claim for failure to plead with particularity, unanimously affirmed, without costs.

In a fraud case against an auditor, a showing of gross negligence or recklessness will permit the trier of fact to draw the inference that a fraud was in fact perpetrated. However, the showing need not be of an evidentiary nature; CPLR 3016 (b) requires only that a claim of fraud be pleaded in sufficient detail to give adequate notice, particularly in situations where it may be impossible to state in detail the circumstances constituting the fraud, inasmuch as the surrounding circumstances are sometimes peculiarly within the knowledge of the party against

whom the claim is being asserted (*Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 97-98 [2003]; *see also Franklin High Income Trust v APP Global*, 7 AD3d 400 [2004]). Here, the complaint adequately alleged facts supporting an inference of fraud based on reckless disregard or blindness to the true nature of the client's financial condition, which tends to demonstrate that defendant's opinion was "based on grounds so flimsy as to lead to the conclusion that there was no genuine belief in its truth" (*Curiale v Peat, Marwick, Mitchell & Co.*, 214 AD2d 16, 28 [1995]; *Fidelity & Deposit Co. of Md. v Arthur Andersen & Co.*, 131 AD2d 308 [1987]). Among these allegations were that defendant ignored and failed to report the client's lack of internal controls, blindly accepted information provided to the client's chief financial officer without independent verification, and gave in to the CFO's demands to fix the financial reports to represent a more favorable financial position in order not to jeopardize its fee.

An intent to mislead cannot be inferred from the allegations in the complaint that the offering memorandum for the stock plaintiffs purchased listed defendant as the company's auditor and contained information taken from financial statements it had audited, and that defendant was aware that the only way for the company to continue as a going concern was to continue soliciting new investments. To require plaintiffs, at this stage of the proceeding, to establish what defendant knew or intended would present an undue burden, considering that these would be matters particularly within defendant's knowledge (*see Houbigant, Inc. v Deloitte & Touche, supra*). Plaintiffs were not required to establish reliance, inasmuch as the complaint sufficiently identifies a number of breaches of generally accepted accounting standards and procedures applying to all reports at issue, including defendant's failure to engage in an independent review or indicate the lack of internal controls.

The "near privity" required to support the negligence claim (*see Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536 [1985]) by the "Outside Directors" (plaintiffs DaPuzzo, Abell and the Harrah Trust) does not exist. There were no direct communications between those plaintiffs and defendant, and the IAS court correctly found that the allegation that defendant knew or should have known said plaintiffs would invest in the company again because they had invested in the past was insufficient to meet this test. Audits were performed by defendant as part of an ongoing relationship with the company in order to provide annual reports, and not for the purpose of inducing the particular investments involved (*see Parrott v Coopers & Ly-*

*brand*, 263 AD2d 316, 322-323 [2000], *affd* 95 NY2d 479 [2000]).
Concur—Buckley, P.J., Mazzarelli, Friedman, Gonzalez and
Catterson, JJ.