■ DONALD C. CARTER et al., Respondents-Appellants, v STEPHEN CARLIS, Defendant, and REZNICK, FEDDER & SILVERMAN, P.C., Appellant-Respondent. [802 NYS2d 130]—

Order, Supreme Court, New York County (Karla J. Moskowitz, J.), entered June 9, 2004, which granted defendant accounting firm's motion to dismiss the action as against it for failure to state a cause of action to the extent of dismissing plaintiff investors' cause of action for negligence, and denied the motion with respect to plaintiffs' cause of action for fraud, unanimously affirmed, without costs.

With respect to the fraud cause of action, we conclude, as we did in DaPuzzo v Reznick Fedder & Silverman (14 AD3d 302 [2005]), which involved defendant's issuance of precisely the same audits of precisely the same financial statements at issue herein, that the complaint states facts sufficient to show defendant's reckless disregard or blindness to the true nature of its client's financial condition (see Curiale v Peat, Marwick, Mitchell & Co., 214 AD2d 16, 28 [1995]). With respect to the negligence cause of action, the only "linking conduct" alleged is defendant's acceptance of plaintiffs' direct payment of some of

defendant's fees for auditing and accounting services rendered to the client. Absent any communications whatsoever between the parties, such conduct is insufficient to establish the requisite near privity (*Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536 [1985]; *cf. LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 107-108 [2001]; *Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 94-95 [2003]). Concur—Tom, J.P., Marlow, Ellerin, Williams and McGuire, JJ.