FERNANDO MATEO et al., Respondents, v AKERMAN SENTERFITT, Appellant, et al., Defendants. (And a Third-Party Action.) [918 NYS2d 438]—

The cause of action for negligent misrepresentation is insufficiently stated because plaintiffs, who assert their claims on their own behalf and as assignees of third-party defendant Peter Skyllas, do not allege that either they or Skyllas were in contractual privity with defendant (*see J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]). Nor do their allegations that defendant communicated directly with Skyllas in e-mails, representing that it was undertaking due diligence to verify that defendant/third-party plaintiff Henry Vargas owned a majority interest in 2141 MD Jr., LLC and that such interest was free of liens and encumbrances, describe a relationship of near-privity between Skyllas and defendant (*see Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 384 [1992]; *Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 419 [1989] ["a bond . . . so close as to be the functional equivalent of contractual privity"]; *United Safety of Am. v Consolidated Edison Co. of N.Y.*, 213 AD2d 283, 286 [1995] ["a special relationship of trust or confidence which create(d) a duty for (defendant) to impart cor-

rect information to (Skyllas)''"]). Rather, these allegations reveal the negotiation of a simple, arm's-length business transaction in which defendant served as Skyllas's adversary's counsel (*see Par Plumbing Co. v Engelhard Corp.*, 256 AD2d 124 [1998]; *Andres v LeRoy Adventures*, 201 AD2d 262 [1994]).

The fraud cause of action, which alleges that defendant aided its client, Vargas, in selling Skyllas an interest in a real estate company that Vargas did not possess, fails to state with particularity any knowing or reckless misrepresentation of a material fact by defendant (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). Plaintiffs allege that defendant relied on a fraudulent operating agreement supplied to it by Vargas, took no further steps to verify the actual ownership of the company in drafting the relevant transactional documents, and represented to Skyllas's counsel in e-mails that Vargas had stated that he had an interest in the company and that it (defendant) would account for the origins of that interest and confirm that the interest was free of liens and encumbrances. However, these are either misrepresentations attributable to Vargas or statements of future intention, not statements of present material facts known to be false at the time they were made (*see ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC*, 50 AD3d 397, 398 [2008]; *Sheth v New York Life Ins. Co.*, 273 AD2d 72, 73-74 [2000]).

To the extent plaintiffs contend that defendant made actionable misrepresentations in the transactional documents it drafted by incorporating Vargas's misrepresentations into the documents, they are alleging substantial assistance by defendant to aid and abet Vargas's fraud (*see Oster v Kirschner*, 77 AD3d 51, 54-57 [2010]; *National Westminster Bank v Weksel*, 124 AD2d 144, 147-150 [1987], *lv denied* 70 NY2d 604 [1987]). However, the complaint fails to state a cause of action for aiding and abetting because it does not allege that defendant had actual knowledge of any fraud perpetrated by Vargas (*see Oster*, 77 AD3d at 55; *Weksel*, 124 AD2d at 148-150).

Nor does the complaint adequately allege that defendant reasonably could and should have foreseen that a class of persons like plaintiffs would act in reliance on the alleged misrepresentations (*see e.g. Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 100 [2003]; *Wey v New York Stock Exch., Inc.*, 15 Misc 3d 1127[A], 2007 NY Slip Op 50880[U] [2007]). It fails to explain with sufficient particularity how defendant should have known or had reason to believe that anyone other than Skyllas would rely on its alleged misstatements in the relevant documents or in e-mails sent to Skyllas's counsel during negotiations.

Plaintiffs' allegations of scienter are also inadequate, since they do not support an inference that defendant's statements were "based on grounds so flimsy as to lead to the conclusion that there was no genuine belief in [their] truth" (*see DaPuzzo v Reznick Fedder & Silverman*, 14 AD3d 302, 303 [2005]; *Houbigant*, 303 AD2d at 97). The complaint alleges that defendant was reckless and grossly negligent in failing to conduct any reasonable investigation before lending its name and reputation to Vargas's scheme and that the documents contained numerous obvious irregularities that should have led to an investigation to confirm the ownership interests. However, nowhere does it allege that defendant knew or should have known, or was grossly negligent or reckless in failing to conduct any inquiry and discover, that Vargas's representations were in fact false. Even if such an allegation can be inferred from the complaint and supporting affidavits, it is not sufficiently particularized (*see Houbigant*, 303 AD2d at 97).

Plaintiffs fail sufficiently to allege that defendant's misrepresentations were the direct and proximate cause of their claimed loss of the $3.8 million they loaned to Skyllas (*see Friedman v Anderson*, 23 AD3d 163, 167 [2005]; *Laub v Faessel*, 297 AD2d 28, 30-31 [2002]). While the complaint alleges a sufficient causal link between defendant's alleged misrepresentations and Skyllas's loss of his $1 million advance payment to Vargas to acquire the initial option, it acknowledges that at least three events occurred between the alleged misrepresentations and plaintiffs' loan to Skyllas: Skyllas declined to exercise the option (the only transaction in which defendant was involved), Skyllas and Vargas subsequently negotiated and consummated *on their own and without defendant's assistance*, the transfer of 49% of Vargas's purported interest in the company to Skyllas, and the holder of the mortgage on another of Skyllas's buildings demanded immediate payment of a substantial portion of the principal. These events constitute superseding causes that broke the chain of causation (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *see e.g. Aronoff v Ernst & Young*, 1999 WL 458779, *3-5, 1999 NY Misc LEXIS 665, *8-13 [1999]). Concur—Tom, J.P., Mazzarelli, Freedman and Manzanet-Daniels, JJ.