■ ROBERT M. GINSBERG, Appellant, v ALVIN H. BROOME, Respondent. [942 NYS2d 469]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered October 24, 2011, which granted so much of defendant's motion as sought to dismiss the second, third, fourth and fifth causes of action, and awarded costs to defendant pursuant to 22 NYCRR 130-1.1 (c), unanimously affirmed, with costs.

The second cause of action lacks a theory of recovery. The third cause of action is expressly founded on the parties' partnership agreement, which negates plaintiff's factual allegations and establishes a defense to his claims as a matter of law (see e.g. *Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76,

81 [1999], *affd* 94 NY2d 659 [2000]; *US Express Leasing, Inc. v Elite Tech. [NY], Inc.*, 87 AD3d 494 [2011]). The fourth and fifth causes of action, which sound in defamation, are not pleaded with sufficient particularity (*see* CPLR 3016 [a]; *Mañas v VMS Assoc., LLC*, 53 AD3d 451, 454-455 [2008]). Indeed, conceding the insufficiency, plaintiff seeks, for the first time on appeal, to recast these causes of action as claims for breach of fiduciary duty with malicious intendment. This argument is unavailing as well as unpreserved. The fourth cause of action alleges that defendant falsely reported that plaintiff engaged in malpractice. However, plaintiff acknowledged that the partnership had a duty to report potential malpractice, that the malpractice likely occurred on two of the three reported occasions, and that one instance of malpractice was correctly attributed to him. The fifth cause of action alleges that defendant disseminated false information about plaintiff in the legal community, harming plaintiff's "new firm." The reference to a "new" firm suggests that defendant was no longer plaintiff's partner at the time, which undermines the claim that he breached any fiduciary duty to plaintiff.

We see no basis for disturbing the award of costs to defendant. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2011 NY Slip Op 32818(U).]**