Lantau Holdings Ltd. v Orient Equal Intl. Group Ltd. (2018 NY Slip Op 03923)





Lantau Holdings Ltd. v Orient Equal Intl. Group Ltd.


2018 NY Slip Op 03923


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


6753 653920/16

[*1]Lantau Holdings Ltd., Plaintiff-Appellant,
v
Orient Equal International Group Limited et al., Defendants, Haitong International Securities Company Limited, Defendant-Respondent.


CKR Law LLP, New York (Michael J. Maloney of counsel), for appellant.
Crowell & Moring LLP, New York (Alan B. Howard of counsel), for respondent.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 8, 2017, which, insofar as appealed from, granted defendant Haitong International Securities Company Limited's motion to dismiss the complaint as against it for lack of personal jurisdiction and failure to state a cause of action, and denied plaintiff's cross motion for jurisdictional discovery, unanimously affirmed, with costs.
While codefendants Orient Equal International Group Limited (OEI) and Huang Dongpo consented to New York jurisdiction in the contracts they signed, Haitong did not consent to such jurisdiction, and none of the exceptions to the general rule that a forum selection clause may not be enforced against a nonsignatory applies to it (see Tate & Lyle Ingredients Ams., Inc. v Whitefox Tech. USA, Inc., 98 AD3d 401 [1st Dept 2012]).
Haitong is not subject to New York jurisdiction pursuant to CPLR 302(a)(3). Among other things, the statute requires the defendant to have committed a tort outside the state. However, the complaint, which asserts claims of negligent misrepresentation and fraud against Haitong, fails to state a cause of action for either. The special relationship required for negligent misrepresentation (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180 [2011]) is not present in the "ordinary arm's length business transaction" between plaintiff and Haitong (US Express Leasing, Inc. v Elite Tech. [NY], Inc., 87 AD3d 494, 497 [1st Dept 2011]). Even if, arguendo, Haitong had superior knowledge that the shares pledged by OEI and Dongpo to plaintiff were subject to a lock-up, plaintiff's failure to ask if the shares were subject to the lock-up negates the reasonable reliance element of negligent misrepresentation (see e.g. Mandarin, 16 NY3d at 180; Hudson Riv. Club v Consolidated Edison Co. of N.Y., 275 AD2d 218, 220-221 [1st Dept 2000]).
For the same reasons, plaintiff has no cause of action for fraudulent concealment (see e.g. Gomez-Jimenez v New York Law Sch., 103 AD3d 13, 18 [1st Dept 2012] [special relationship], lv denied 20 NY3d 1093 [2013]; Mandarin, 16 NY3d at 178 [reasonable reliance]; Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 99-100 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
Because the court correctly granted Haitong's motion to dismiss for lack of personal jurisdiction, it correctly denied plaintiff's cross motion for jurisdictional discovery (see Murdock v Arenson Intl. USA, 157 AD2d 110, 115 [1st Dept 1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK