Bruce Bullen, et al., Plaintiffs,

against
Sterling Valuation Group, Inc., Defendant.

650050/2019

Plaintiffs were represented by Glen B. Lenihan, Oved & Oved LLP, 401 Greenwich Street, New York, New York 10013 (212) 226-2379 glenihan&commat;ovedlaw.com.
Defendant was represented by Todd R. Harrison, McDermott Will & Emery LLP, 340 Madison Avenue, New York, New York 10173 (212) 547-5767 tdharrison&commat;mwe.com.


Barry Ostrager, J.

Before the Court is the pre-Answer motion by defendant Sterling Valuation Group, Inc. ("Sterling") for an order, pursuant to CPLR 3211(a)(1), (7) and (4), dismissing the Amended Complaint filed in this action by plaintiffs Bruce Bullen and 48 other investors ("Bullen"), or in the alternative, staying this action pending a resolution of the action before District Court Judge Brian M. Cogan entitled SEC v Platinum Management (NY) LLC, et al., No. 16-cv-6848 (EDNY) (BMC) (the "SEC Action). The Bullen plaintiffs claim they collectively invested about $63,000,000 in the now defunct hedge fund, Platinum Partners Credit Opportunities Fund ("PPCO" or "the Fund"), and they seek to recover that investment plus punitive damages from Sterling based on allegedly improper valuation reports Sterling prepared related to the Fund.
The First Amended Complaint at issue here (NYSCEF Doc. No. 61) was filed on October 21, 2019, following the September 19, 2019 decision by this Court dismissing claims in the initial Complaint "without prejudice to a more particularized claim of fraud" (NYSCEF Doc. No. 57). The Amended Complaint, like the original Complaint, asserts three causes of action against Sterling: (1) fraud; (2) aiding and abetting fraud; and (3) aiding and abetting breach of fiduciary duty. Because the 48-page Amended Complaint, particularly as supplemented by recently filed papers related to the SEC Action, sufficiently cure the defects originally found by this Court, Sterling's motion to dismiss is denied without prejudice to a motion for summary judgment upon the completion of discovery. The Court in its discretion also denies the alternative request for a stay pending the resolution of the SEC Action, finding that such an indeterminate delay would not be beneficial.
In deciding this motion, the Court has considered the May 6, 2020 letter from plaintiffs' counsel, which provided a copy of the 28-page Declaration by Melanie L. Cyganowski, the court-appointed Receiver in the SEC Action, that was submitted in that Action (see NYSCEF Doc. Nos. 98-99). The SEC commenced the federal court action in December 2016 alleging that PPCO's management had engaged in "multiple fraudulent schemes in violation of various securities laws." SEC v Platinum Management (NY) LLC, et al. 2016 WL 10731734 at 1 (EDNY Nov. 25, 2018). Platinum Management has been under a receivership on consent of the parties in the SEC Action since the action was commenced on December 19, 2016. Id. Ms. Cyganowski was appointed to replace an earlier receiver on January 30, 2017 (Declaration ¶ 3). The Receiver Order authorizes the Receiver to, among other things, "conduct an orderly wind down of the Receivership Entities, including a fair distribution of the Receivership Assets to investors," including the PPCO Fund at issue here. Id.; see also ¶ 14 of Cyganowski Declaration and referenced provisions of Order Appointing Receiver.
This Court may, in the exercise of its discretion on good cause shown, accept plaintiffs' May 6 filing made after the instant motion was submitted. The Receiver did not file the Declaration in the SEC Action until after plaintiffs had filed their opposition papers here, and the filing here was further delayed in part by the suspension of efiling and of Supreme Court proceedings in general due to the pandemic. Thus, the delay is minimal and the Court finds good cause exists to allow the late filing. See Wilcox v Newark Val. Cent. Sch. Dist., 107 AD3d 1127, 1130 (3d Dep't 2013) (the Court properly exercised its discretion to accept the late affidavit where the delay was neither significant nor prejudicial to the opposing party).
Although Sterling here objected to the late submission on the grounds of timeliness and relevance (NYSCEF Doc. No. 100), it did not claim prejudice resulting from the delay and it was given an opportunity to comment on the contents of the letter. In the opinion of the Court, the Receiver's Declaration provides relevant information helpful to the Court in determining this motion. Moreover, "it is well settled that affidavits may be used to remedy defects in the complaint and supplement its allegations upon a motion to dismiss" Mulder v Donaldson, Lufkin & Jenrette, 208 AD2d 301, 307 (1st Dep't 1995), citing Arrington v New York Times Co., 55 NY2d 433, 442 (1982); Rovello v Orofino Realty Co., 40 NY2d 633 (1976). Therefore, both plaintiffs' letter and Sterling's opposition shall be considered part of the record on this motion.
Background Facts
According to the Amended Complaint, plaintiffs are individuals, retirement plans, trusts, limited liability companies, and corporations, each of whom made investments in the hedge fund PPCO in unspecified amounts at varying times during the period from about September 2014 through May 2016.[FN1]
Beginning in or around September 2009, Platinum retained defendant Sterling, a small seven-person valuation consulting firm, to provide valuation and consulting services and to issue quarterly Reports expressing opinions on the fair value of assets held by PPCO ("the Sterling Reports").
Plaintiffs contend that Platinum provided them with a significant part of the Sterling Reports from about April 2011 through at least July 2015, and that Sterling knew the Reports were being provided to investors like plaintiffs who would rely on them in making investment decisions (Amended Complaint ¶ 2). Plaintiffs assert that, in deciding to invest, they did in fact rely on the Sterling Reports, only to later learn via proceedings in the SEC Action and elsewhere that PPCO had inflated its valuations, and they assert that Sterling failed to carefully scrutinize the valuations or challenge the improper valuations in any meaningful way.[FN2]
Indeed, plaintiffs go as far as alleging that Sterling corroborated the PPCO valuations while in possession of significant questionable confidential information obtained in part through its participation in Platinum's internal valuation meetings and while knowing that the auditors of the PPCO sister fund PPVA had identified a "material weakness" in the Fund's investment valuation. Id.
In deciding to dismiss the initial pleadings in this case without prejudice, the Court stated in the transcript of proceedings determining the motion (NYSCEF Doc. No. 59 at 34-35) that:
The complaint is conclusory. The Plaintiff has access to information both from the Defendant and from third parties. So I'm going to dismiss the complaint without prejudice to a more detailed pleading, recognizing that we will be back here again. But [*2]there's a cost benefit analysis that both parties should consider in connection with further prosecution of this case. So I'll await the amended pleading because I think you have access to information both from Sterling and from the Receiver that may well put you in a better position to resubmit a [pleading] that is not without some merit.
Therefore, the question before the Court now is whether the First Amended Complaint contains sufficiently particularized allegations to support the causes of action asserted.
Discussion
Under CPLR § 3211(a)(7), this Court is tasked with determining whether, after affording the pleadings a liberal construction and accepting the allegations in the Amended Complaint as true, "the facts as alleged fit within any cognizable legal theory Under CPLR 3211 (a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law ." Leon v Martinez, 84 NY2d 83, 87-88 (1994) (citations omitted). As noted earlier, the Amended Complaint pleads claims of fraud, aiding and abetting fraud, and breach of fiduciary duty. Upon a careful examination of the pleadings and supplemental filings, and the application of the 3211 standard set forth above, the Court finds plaintiffs have adequately stated all three causes of action to allow discovery to proceed and that none of the documentary evidence offered by Sterling conclusively establishes a defense as a matter of law. Further, as noted above, because no concrete evidence has been offered establishing that the SEC Action will expeditiously and satisfactorily redress plaintiffs' claimed injury, the Court in its discretion denies Sterling's alternative request for a stay pursuant to CPLR § 3211(a)(4). 
The first cause of action charges Sterling with fraud. "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)." Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 (2009); see also MP Cool Invs. Ltd. v Forkosh, 142 AD3d 286. 290-91 (1st Dep't 2016) (dismissing fraud claim for lack of specificity as to the required elements).
Sterling argues the Amended Complaint ("AC") fails to allege with sufficient particularity that Sterling knowingly made a material misrepresentation of fact to state a claim of fraud by Sterling. They contend plaintiffs merely claim in a conclusory fashion that Sterling "rubber stamped" PPCO's valuation of certain assets, and Sterling further argues that plaintiffs are wrongly judging Sterling's conduct with the benefit of hindsight. This Court disagrees.
Plaintiffs point to information peculiarly within Sterling's knowledge that should have alerted Sterling that the information it was receiving from PPCO and including in its Valuation Reports was false and unsupported. The Amended Complaint specifically pleads (at ¶¶ 92, 199-202) that Sterling attended monthly, quarterly, and annual meetings where asset valuations and valuation methodologies were discussed with Platinum, and that Sterling was given access to a large quantity of non-public documents and confidential material for consideration as part of its valuation work. The lack of records concerning these meetings caused the SEC to question whether any meaningful analysis and discussion had truly taken place [see Receiver's Fourth Status Report dated July 20, 2018, filed in SEC v. Platinum Management (NY), LLC, No. 16-cv-06848 (EDNY Dec. 19, 2016) (NYSCEF Doc. No. 86 at 10)]. What is more, plaintiffs plead that [*3]the Receiver conducted an analysis of PPCO's holdings and business dealings, which included a review of Platinum documents and communications, and found a dearth of evidence to support Platinum's valuations as corroborated by Sterling (AC ¶¶ 4, 146, 147, 192-200).
These allegations are further particularized in the Receiver's Declaration which, while not mentioning Sterling, identifies significant evidence of overvaluations by Platinum that plaintiffs contend could not reasonably have escaped Sterling's attention in the course of its work. For example, the Receiver states that she concluded in her investigation that the PPCO Funds were "systematically and grossly overvalued by over 300% or $500 million" (¶36). She details (at ¶37) several investments and states: "Investments in portfolio companies with no track record, no demonstrated prospects and substantial unfunded capital requirements routinely were being carried on PPCO Master's books for tens of millions of dollars or more per investment."
Additionally, the Receiver notes (at ¶38) that "Platinum investor funds effectively were commingled" and she describes numerous cash transfers between various Funds, including over $60M from PPCO to PPVA, booked as loans. She further describes (at ¶39) various complex transactions "in which the Platinum Insiders had an interest on both sides of the transactions" to the detriment of the Fund" and causing harm to PPCO in excess of $57M.
Plaintiffs allege that the overvaluations were so extensive and so extreme that Sterling must have known about the misrepresentations, and that Sterling made these and similar misrepresentations itself in its own Valuation Reports instead of alerting investors to the problems. To further confirm Sterling's knowing misrepresentations, plaintiffs cite 60 valuations by Sterling and note that in only 17 of those cases did Sterling take a hard look at the true state of facts and offer lower valuations than PPCO.
Plaintiffs in their Amended Complaint also examine ten separate PPCO investments in detail and allege facts indicating an overvaluation by Platinum that were readily ascertainable by Sterling. For example, with respect to Buffalo Lake Advanced Biofuels, LLC ("BLAB"), Sterling adopted Platinum's valuation of about $50M even though Sterling had itself inspected the BLAB ethanol plant and had observed it was not operational (Amended Complaint ¶ 164).
Sterling counters that its Valuation Reports explicitly cautioned that it was not vouching for the PPCO numbers underlying Sterling's opinion, stating that: "We have not made any physical inspection, or independent appraisal, of any of the common stock, equity, properties, or assets of the borrowers, issuers, or the Fund." (NYSCEF Doc. No. 90). In the section of the Valuation Reports entitled "Limiting Factors and Other Assumptions," Sterling further states that "Sterling has relied upon the Fund's representations that the information provided by it, or on its behalf, is accurate and complete in all material requests." First, as in the case of the BLAB asset, the assertion of no independent appraisal appears untrue. That broad disclaimer is also questionable in light of Sterling's attendance at PPCO meetings, its access to confidential information, and its primary duty of providing valuation reports.
What is more, a general disclaimer cannot preclude a claim of justifiable reliance unless the disclaimer is made sufficiently specific to a certain type of misrepresented fact and the alleged misrepresentations did not include facts peculiarly within Sterling's knowledge. Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc., 115 AD3d 128, 137 (1st Dep't 2014). Here, Sterling's disclaimer is general in nature and includes facts peculiarly within Sterling's knowledge. Thus, Sterling cannot rely on the disclaimer to defeat plaintiffs' fraud claim.
The Court also rejects Sterling's argument that the allegations fail to support the required [*4]element of Sterling's intent to induce plaintiffs' reliance on the Valuation Reports and that plaintiffs' reliance was justifiable. Although the Reports caution that the opinions stated should not be construed as investment advice, plaintiffs were entitled to rely on the information in the Valuation Reports as being factually correct and then use those facts to make their own investment decisions, and they have adequately pleading the relevant facts. (See AC ¶¶ 119-29).
Nor does the fact that plaintiffs were sophisticated investors investing substantial sums in PPCO preclude plaintiffs' claim of justifiable reliance as a matter of law. At a minimum, issues of fact exist to defeat the motion to dismiss in light of Sterling's superior access to PPCO's confidential information, which plaintiffs themselves could not access. ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1045 (2015) (the question of what constitutes reasonable reliance is not generally a question to be resolved as a matter of law on a motion to dismiss). As to causation of damages, plaintiffs have alleged that the Sterling Valuation Reports were a proximate cause of their damages; Sterling's conduct need not be the sole proximate cause of damages for a fraud claim to be stated. 
Therefore, the first cause of action for fraud by Sterling survives Sterling's request for dismissal pursuant to CPLR 3211(a)(7) and (1), as the elements of fraud have all been alleged, and no documentary evidence exists disposing of the claim as a matter of law. Although the question may be a close one, on balance and in light of the standard of review, the Court finds plaintiffs are entitled to proceed with discovery on the fraud claim alleged in the amended pleadings.
The second cause of action, that Sterling aided and abetted Platinum's fraud, also survives dismissal. To plead a claim of aiding and abetting fraud, the complaint must allege: "(1) the existence of an underlying fraud; (2) knowledge of this fraud on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in achievement of the fraud." Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co., 64 AD3d 472, 476 (1st Dep't 2009). Whereas actual knowledge of the fraud may be averred generally, to plead "substantial assistance" plaintiffs must specifically allege that Sterling (1) affirmatively assisted, helped conceal, or by virtue of failing to act when required to do so enabled the fraud to proceed, and (2) Sterling's actions as an the aider/abettor proximately caused the harm on which the primary liability is predicated. Id.
For reasons similar to those discussed above, plaintiffs have adequately alleged Platinum's underlying fraud and Sterling's knowledge of that fraud. Although "actual knowledge" must be alleged in a claim for aiding and abetting fraud, plaintiffs need not allege direct evidence of knowledge of the fraud; circumstantial evidence is sufficient. As the First Department stated in Houbigant, Inc. v Deloitte & Touche, 303 AD2d 92, 98- 99 (2003): "Keeping in mind the difficulty of establishing in a pleading exactly what the [valuation] firm knew when certifying its client's financial statements, it should be sufficient that the complaint contains some rational basis for inferring that the alleged misrepresentation was knowingly made." See also DaPuzzo v Reznick Fedder & Silverman, 14 AD3d 302, 303 (1st Dep't 2005) (allegations of "reckless disregard or blindness to the true" state of facts are sufficient to support an inference of the aider and abettor's knowledge of the underlying fraud).
Plaintiffs have also adequately pleaded the requisite "substantial assistance" by Sterling in achieving Platinum's fraud that caused damages. Specifically, by adopting Platinum's improper valuations, Sterling allegedly helped conceal Platinum's fraud. Plaintiffs have also pleaded that Sterling provided substantial assistance by failing to act to challenge Platinum's [*5]improper valuations when required to do so, and that failure to act helped enable the fraud to proceed.
The third cause of action for aiding and abetting Platinum's breach of fiduciary duty, while not discussed in much detail by the parties, also survives dismissal. Plaintiffs allege that "the Platinum Managing Member owed fiduciary duties to Plaintiffs as fellow members in a close corporation. In addition, Plaintiffs entrusted their investments to the Platinum Managing Member who had substantial discretion and control over PPCO's investment activities and assets, Plaintiffs' investments, and PPCO's communications to Plaintiffs. This discretion and control gave rise to a fiduciary duty and duty of care on the part of the Platinum Managing Member to Plaintiffs." (AC ¶¶ 231-32).
Sterling was indisputably aware of this fiduciary duty. Plaintiffs further allege that "Sterling knowingly provided substantial assistance to the Platinum Managing Member in its breach of fiduciary duties to Plaintiffs by issuing unqualified, sham Reports (both Limited and full) that it knew or should have known would be used to mislead Plaintiffs and failing to conduct proper independent valuations of the Fund." (Amended Complaint ¶ 237). Thus, the amended pleadings sufficiently state a claim of aiding and abetting breach of fiduciary duty to allow the claim to proceed.
Sterling claims plaintiffs have failed to allege sufficient new facts in the Amended Complaint to cure the pleading defects previously found by this Court, noting that many of plaintiffs' new allegation refer to the auditors and assets of PPVA, an entity in which plaintiffs did not invest (see fn 1). Further, any new allegations learned from third-party proceedings are few and far between. Sterling also emphasizes that the Federal Bureau of Investigation, the Department of Justice, and the SEC have all conducted in-depth investigations into this matter, and none of these government entities has accused Sterling of any wrongdoing. Nor has the Receiver pursued any action against Sterling. However, plaintiffs correctly note that the absence of a lawsuit is not tantamount to approval of Sterling's conduct, and the Amended Complaint, particularly when viewed with the back drop of the Receiver's Declaration, includes significant allegations to survive a pre-Answer motion to dismiss.
While Sterling does appear to be a rather small company, and while Sterling is not the primary wrongdoer in this story such that plaintiffs will necessarily secure a meaningful recovery against Sterling, that question is for another day. Today the Court need only decide whether the Amended Complaint cures the pleading defects observed by the Court in the initial Complaint. Applying the 3211 standard on a motion to dismiss, the Court finds the allegations in the Amended Complaint state the three causes of action with sufficient particularity, and Sterling has not submitted any documentary evidence establishing its defense as a matter of law. See Leon v Martinez, supra. Plaintiffs are therefore entitled to proceed with discovery.
Accordingly, it is hereby
ORDERED that the motion to dismiss by defendant Sterling Valuation Group, Inc. is denied without prejudice to renewal as a summary judgment motion upon the completion of discovery. Sterling shall efile an Answer to the Amended Complaint by July 7, 2020. The parties shall then meet and confer and complete the Preliminary Conference Order available on the Court's website. A preliminary conference is scheduled for September 10, 2020 at 2:15 p.m. at which time the Court will review the proposed Preliminary Conference Order and discuss early settlement and a plan for the expeditious resolution of this action.
DATE June 5, 2020
[*6]BARRY R. OSTRAGER, J.S.C.
Footnotes

Footnote 1:PPCO is one of the funds in Platinum Partners, the second major fund being Platinum Partners Value Arbitrage Fund ("PPVA"). Plaintiffs were investors in PPCO only, not PPVA.

Footnote 2:The United States government also commenced criminal proceedings against various individuals in Platinum's senior management, which were ultimately dismissed by Judge Cogan See United States v Nordlicht, et al., No. 16-cr-00640, 2019 U.S. Dist. LEXIS 167084 (EDNY Sept 27, 2019) (see also NYSCEF Doc. No. 66, Ex C to Harrison Aff in Support of Motion). However, based on the difference in parties, claims, and burden of proof, the dismissal is not dispositive of plaintiffs' claims here against Sterling.